ALEXANDER WEILL AND HARRY WEILL, PARTNERS, DE-
FENDANTS IN ERROR, v. ABRAHAM JACOBY, PLAINT-
IFF IN ERROR.

Submitted March 27th, 1905—Decided June 19th, 1905.

A state of demand upon a book account in the court for the trial of
small causes must show the nature of the demand and the parties
to the account.

---

On error to the Supreme Court.

For the plaintiff in error, *Ephraim Cutter.*

The opinion of the court was delivered by

SWAYZE, J. This action was brought in the court for the trial of small causes. Upon the trial the defendant moved for a nonsuit because the copy of the account filed as a state of

demand did not show a cause of action. The motion was denied. No evidence was offered on the part of the defendant, and the justice rendered judgment in favor of the plaintiffs. Upon appeal to the Common Pleas the defendant renewed his objection to the state of demand and moved for a nonsuit, which was denied. No evidence was offered for the defendant and judgment was given for the plaintiffs. This judgment was affirmed in the Supreme Court.

The state of demand is upon a book account. One item for protest charges was waived on the trial in the Common Pleas.

The account fails to show whether the other items were for goods sold and delivered, or for work and labor, or for some other liability; it fails to show whether or not it is an account of the plaintiffs against the defendant. It consists merely of dates, figures and certain initials, and in itself is not intelligible. The proof was that it was intelligible to the plaintiffs and the defendant.

It is not necessary for us to decide whether a copy of an account intelligible to the parties, but not intelligible to strangers, is a sufficient state of demand under the act constituting courts for the trial of small causes. That act, prior to the recent revision, permitted the plaintiff to file "a copy of his or her account." *Gen. Stat.* 1869, *pl.* 23. We think that it should at least appear upon the copy of the account or by the state of demand that it is an account in favor of the plaintiff and against the defendant, and that the nature of the claim also should be shown, so that it may appear to be the proper subject of a book account. These facts are necessary to enable the defendant to prepare his defence. For aught that appears in the state of demand, the goods may have been sold by a third party to the defendant and the account assigned to the plaintiffs; or the goods may have been sold by the plaintiffs to a third party and the claim against the defendant may be upon a guarantee of the account. The mere statement that the demand is upon a book account, without showing the parties to the account, admits

of either of these interpretations, as well as of the interpretation of the plaintiffs.

The cases in the Supreme Court from an early date sustain the view that this demand is insufficient.

In *Hutchinson* v. *Targee,* 2 *Gr.* 386, the state of demand contained a single charge for money had and received, in general terms, as in a declaration at common law, without setting out of whom received or under what circumstances.

It was objected to as too general and the exception was held fatal in the Supreme Court.

In *Erving* v. *Ingram,* 4 *Zab.* 520, the demand was for money due the plaintiff for work and labor done for the defendant. The Supreme Court held that it did not set out a legal cause of action because it failed to state by whom the work and labor was performed and how the plaintiff claimed to be entitled to the money.

In *Denny* v. *Quintin,* 4 *Dutcher* 134, the Supreme Court held that a state of demand for money lent should set forth by whom and to whom the money was lent, and any circumstances necessary to show the liability of the defendant to the plaintiff and the manner of that liability.

Timely objection was made to the state of demand before the justice; no amendment was then made; none is now permissible. *Gen. Stat.* 1886, *pl.* 113.

The judgment of the Supreme Court must be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Dixon, Garrison, Garretson, Pitney, Swayze, Bogert, Vredenburgh, Vroom, Green, Gray. 12.