DAVIS BERNSTEIN, TRADING AS THE NEW JERSEY LIQUIDATING COMPANY, PLAINTIFF-RESPONDENT, v. EMANUEL GREEN, DEFENDANT-APPELLANT.

Submitted May 11, 1934—Decided September 8, 1934.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *H. Kermit Green.*

For the respondent, *M. Metz Cohn.*

The opinion of the court was delivered by

DONGES, J.  This is an appeal from a judgment of the First District Court of the city of Paterson in favor of the plaintiff-respondent, assignee of the trustee in bankruptcy of one Ralph Atkins, against the defendant-appellant. The suit was on a book account, purchased by respondent along with the other assets of the bankrupt, a copy of which was annexed to the state of demand. The state of demand alleges that the account was the property of the bankrupt; that it had been purchased by plaintiff; and that it had not been paid. The account shows certain debits in varying amounts from January 1st, 1926, to January 13th, 1927, eleven items in all, totalling $144.85. Credits of $19.45 on April 11th, 1929, and $25 on December 19th, 1929, are shown, leaving a balance due of $100.40. There is nothing to show what these items represent, whether the debits be for materials and labor furnished, and whether the credits be cash payments or returned material. Except for the credit, the entire account was beyond the statute of limitations.

The testimony appears to be stenographically reported in part and in part settled by the court. It appears that the appellant made a motion at the beginning of the trial for a nonsuit on the ground of the insufficiency of the book account. Plaintiff was sworn and testified that he purchased Atkins' assets and found the account among them.

One Leah Kassner was sworn but it is admitted her testimony is immaterial. Plaintiff then rested and defendant again moved for a nonsuit on the ground that the book account had not been proved. This was denied and an adjournment was taken. The account consists merely of dates, and figures under headings marked "Debits" and "Credits." The account was carried under the caption "E. Green, 454 East 41st Street, Paterson, N. J."

At the adjourned hearing the defendant's attorney stipulated that if the bookkeeper of Atkins were produced she "would testify that this was the book account as she kept, and that the account would appear and leave a balance of $100.40." Motion for nonsuit was then made on the ground of the insufficiency of the book account, and denied.

Defendant then testified that he had purchased an automobile from Atkins; that Atkins had made certain warranties with respect to the automobile; that the car had not been what it was guaranteed to be; that he had never purchased any materials or labor from Atkins; that he had never been asked for any money by Atkins with respect to the book account; that he had never paid any money on the account.

Motion for a directed verdict was then made on the ground stated for the nonsuit and on the further ground that, since the payments in 1929 were not made by defendant, the statute of limitations was a bar to the action. Decision was reserved and subsequently judgment for plaintiff was entered.

Under *Weill* v. *Jacoby*, 72 *N. J. L.* 274; 61 *Atl. Rep.* 389; the book account was insufficient. It was there said by the Court of Errors and Appeals: "We think that it should at least appear upon the copy of the account or by the state of demand that it is an account in favor of the plaintiff and

against the defendant, and that the nature of the claim also should be shown, so that it may appear to be the proper subject of a book account." In the instant case the nature of the account is not stated in the copy in evidence; nor does the state of demand set out the nature of the account; and there is nothing in the evidence which sheds light upon this subject. How the alleged debits arose does not appear either in the exhibit or in the proofs. All the proofs show is that this account was found among the papers of Atkins and plaintiff wants it paid, together with a denial by defendant that he ever purchased anything from the bankrupt which could be the subject of a book account, and further denial that he had ever made any payments which would stop the running of the statute of limitations.

On the case presented, it was error to deny the motions for a nonsuit and for a directed verdict. The judgment is reversed and a new trial granted.